IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **NISHA KOY ELKINGTON KING,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **PROVO CITY and FRED ROSS,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-CV-219-DAK-DBP <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants Provo City and Fred Ross's Motion to Dismiss [ECF No. 15]. On January 11, 2024, the court held a hearing on the motion. At the hearing, Plaintiff was represented by Steven C. Tycksen, and Defendants were represented by Richard A. Roberts and Gary D. Millward. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order.

BACKGROUND

Nisha Koy Elkington King was employed as a police officer with Defendant Provo City for many years. Defendant Fred Ross is named as a defendant because he was Chief of Police for Provo City at times relevant to the dispute in this matter. At the time of her termination on August 17, 2022, King held the rank of Sergeant. King's Amended Complaint against Defendants asserts several claims of gender-based discrimination. However, the only claim relevant to the pending motion to dismiss relates to a violation of the Equal Pay Act.[1]

---

[1] Defendants' motion to dismiss initially sought to dismiss King's other discrimination claims and supplemental state claims on the grounds that she did not have right to sue letters from the EEOC

1

King claims that during her employment with Provo City, Defendants failed to pay her equal to male officers of her same rank and tenure for no legitimate reason other than her female gender. King claims that after she complained of this disparate treatment, Defendants retaliated by firing her based on groundless charges.

King was hired as a police officer for Provo City on March 12, 2012. On January 29, 2017, she was promoted to the rank of sergeant. In May 2022, King learned that Sergeant Nicholas Patterson was receiving the same pay as she was. King had been a sergeant for five years and Patterson had only been a sergeant for one year. King questioned police management as to why Patterson was making the same pay as her, and management would not provide her with an explanation.

King and Patterson were hired at approximately the same time. At the time of their hiring, King had 7.5 years of prior policing experience and was promised to be paid commensurate with that experience. Patterson had two years of prior experience. King was then promoted to sergeant four years ahead of Patterson. King alleges that she has been paid less than Provo City's published pay policy, was not paid consistent with her seniority as a sergeant, and based on Patterson's pay level, male employees are being paid according to the pay policy.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants have withdrawn their motion to dismiss King's discrimination and supplemental state claims because she has demonstrated that she has right to sue letters. The only issue remaining on the motion to dismiss is whether King has adequately pled a plausible violation of the Equal Pay Act.

---

and UALD.   But once she obtained those letters, Defendants withdrew their motion to dismiss the other discrimination claims and supplemental state claims.

Under 29 U.S.C. § 206(d)(1), employers are prohibited from discriminating "between employees on the basis of sex by paying wages to employees in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." In the Tenth Circuit, to establish a prima facie case under the Equal Pay Act, King "has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; and (3) the male employees were paid more under such circumstances." *Sprague v. Thorn Ams. Ins.*, 129 F.3d 1355, 1364 (10th Cir. 1997).

*Sprague*, however, provides the standard King must prove at summary judgment and/or trial. The issue on Defendant's motion to dismiss is whether King's Amended Complaint contains "enough facts to state a claim to relief that is plausible on its face." *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Defendants argue that King fails to state a claim because King's Equal Pay Act claim expressly states that King and the other sergeant "were being paid exactly the same amount." Am. Compl. ¶ 73. King, however, argues that the language in *Sprague* states that "the male employees were paid more *under the circumstances*," and the court should consider the circumstances that she was paid the same as a male employee who had significantly less experience. King asserts that her claim is not premised on an equally situated employee getting more pay. Rather, it is premised on a less senior male employee making the same amount.

Defendants contend that seniority is irrelevant to King's claim because is not included in

3

the statute or the *Sprague* test, but that Defendants could use seniority to rebut Plaintiff's prima facie case. The court disagrees. If seniority is relevant to Defendants' defense, it can be equally relevant to King prima facie claim. At the pleading stage, King does not know the pay of every other officer in the department. She knows only the pay of one other officer. She alleges that Provo City paid her and Patterson the same despite the fact that she has four years more experience as a sergeant and that under Provo City's pay policy that should not be the case. King is not asserting that she has comparable skills to Patterson, she is asserting that she has greater skills because of her additional years of experience. Seniority might not be relevant if was not a factor in Provo City's pay policy, but King alleges that it is relevant to the pay policy, and the court accepts that allegation as true at this stage of the litigation.

Provo City also argues that a sergeant is a sergeant. But again, King's Amended Complaint adequately alleges that seniority is a part of Provo City's pay schedule, and that she is not being paid consistent with her seniority whereas Patterson, a male, is being paid according to the policy. The court can infer from King's Amended Complaint that Provo City's pay policy recognizes that an officer obtains additional skills with each year of experience. Therefore, King's Amended Complaint alleges that not all sergeants make the same pay. The court recognizes that there may be other factors than seniority at play in an officer's pay, but the parties can address those on summary judgment.

At this stage of the litigation, the court concludes that King has plausibly alleged a prima facie case under the Equal Pay Act. She has alleged that she had more seniority than a fellow male officer, that under Provo City's wage policy she was entitled to higher pay than the male officer based on her seniority, but she was being paid the same as a comparatively less experienced male officer.   Because the court finds that under these circumstances, King has adequately alleged a

claim under the Equal Pay Act, the court denies Defendants' Motion to Dismiss.

## CONCLUSION

Based on the above reasoning, Defendants' Motion to Dismiss [ECF No. 15] is DENIED.

DATED this 16th day of January 2024.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge