J. BRIAN JONES (#11816)
GARY D. MILLWARD (#12170)
RICHARD A. ROBERTS (#12217)
PROVO CITY ATTORNEY'S OFFICE
445 West Center St.
Provo, Utah 84601
(801) 852-6140
gmillward@provo.org
rroberts@provo.org

*Attorneys for Defendants*

UNITED STATED DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NISHA KOY ELKINGTON KING,<br><br>  Plaintiff,<br><br>  vs.<br><br>PROVO CITY, a municipal corporation; R. FRED ROSS, an individual; and DOES 1-10<br><br>  Defendant. | **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Case No. 2:23-CV-00219<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Defendants Provo City (the "City") and R. Fred Ross ("Ross"), collectively known as the "Defendants," answer the allegations set forth in Plaintiff Nisha King's ("Plaintiff") First Amended Complaint [Dkt. No. 5] as follows:

**FIRST DEFENSE**

Plaintiff's First Amended Complaint fails to state certain claims and causes of action upon which relief may be granted against Defendants.

1

## **SECOND DEFENSE**

With respect to the specific allegations of Plaintiff's First Amended Complaint, Defendants respond as follows:

### NATURE OF PROCEEDING

1. Defendants admit that Plaintiff has brought this action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, but Defendants deny all other allegations.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

### JURISDICTION AND VENUE

6. Defendants admit this Court has subject matter jurisdiction over Plaintiff's federal causes of action.

7. Defendants admit this Court may exercise supplemental jurisdiction over Plaintiff's causes of action based in state law. Defendants assert, however, that if Plaintiff's federal claims are dismissed, the Court may decline to exercise jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3).

8. Defendants admit venue is proper in this Court.

### ADMINISTRATIVE PROCEDURES

9. Defendants admit that Plaintiff filed a charge of discrimination with UALD.

10. Defendants deny that Exhibit A attached to the Amended Complaint contains correct copies of the Notices of Right to Sue from the UALD and EEOC, but Defendants admit that Plaintiff subsequently obtained a Notice of Right to Sue from the EEOC.

11. Admit.

12. Admit for the same reasons set forth in paragraph 10.

## PARTIES

13. Based on information and understanding, Defendants admit that Plaintiff is a resident of Utah County, State of Utah. Plaintiff's allegation that she meets the definition of "employee" is a legal conclusion that does not require a response. To the extent a response is required, Defendants deny the allegation.

14. Admit.

15. Defendants admit Ross resided in Utah during the time he was Chief of Police for the City.

16. Defendants admit Ross was Chief of Police for the City from December 2021 to October 2022.

17. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

18. Defendants admit that Ross was an agent, employee, and representative of the City during his employment as Chief of Police for the City, and they assert that any allegations of liability against Ross must be strictly limited to the time of his employment at the City. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations regarding the agency and other relationships of any other alleged DOES defendants and on that basis deny the same. Defendants deny all other allegations.

## STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

19. Defendants admit King is a female and former sergeant with the Provo City Police Department. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

20. Admit.

21. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

22. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

23. Defendants admit that Plaintiff attended SWAT Training. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

24. Defendants admit an incident involving Plaintiff and another officer occurred on January 2, 2013. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

25. Defendants admit John King was Chief of Police for the City beginning in December 2013. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the other allegations and on that basis deny the same.

26. Defendants admit that HR conducted an investigation in October 2014. Defendants assert the subject of the investigation was "Review of Police SWAT Training Incidents." Defendants deny the remaining allegations.

27. Defendants admit Plaintiff has quoted from the "Review of Police SWAT Training Incidents," which document speaks for itself.

28. Defendants admit that the "Review of Police SWAT Training Incidents" speaks for itself, but they deny all other allegations.

29. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

30. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

31. Defendants admit that Plaintiff was promoted to sergeant, but Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

32. Admit that Chief Ferguson received a complaint regarding Plaintiff in a training in Cedar City, but they deny that the complaint was "unknown" or "anonymous." Defendants assert the complaint was made by Chief Adams from Cedar City Police Department.

33. Admit.

34. Defendants admit that Plaintiff received a "Suspension/Reprimand" regarding a complaint from her training in Cedar City, but they deny all other allegations.

35. Defendants admit that Plaintiff was suspended, and, therefore, ineligible for the tuition reimbursement in accordance with the City's Personnel Policy 28.

36. Defendants admit that Plaintiff moved from Graveyard to Day shift in January 2018, but they lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on the basis deny the same.

37. Defendants admit that Plaintiff resigned from SWAT in October 2020, but they lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on the basis deny the same.

38. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

39. Defendants admit that Mayor Kaufusi had conversations with Plaintiff but lacks sufficient information and knowledge as to when the conversations occurred. Defendants deny all remaining allegations.

40. Defendants admit that Officer Ken Newell made a complaint regarding the incident alleged by Plaintiff, but they deny all other allegations.

41. Defendants admit that Plaintiff was assigned to work under Ross due to previously being placed on light duty from a knee surgery, but they lack sufficient information and knowledge as to when this occurred. Defendants admit that Plaintiff talked to Chief Ross regarding leadership and accountability concerns, but they deny all other allegations.

42. Defendants admit that they planned to create a Provo Airport Unit at the Provo City Airport. Defendant Ross admits some of the assignments given to Plaintiff included conducting research and drafting of policies and procedures for the Provo Airport Unit. Defendant Ross denies that Plaintiff was told she would be creating and/or running the Provo Airport Unit. Defendant Ross admits that he encouraged Plaintiff, like all officers, to take assignments that may provide additional employment opportunities.

43. Defendants admit that Plaintiff assisted in drafting the Airport Police Unit policies and procedures, but they lack sufficient knowledge and information to form opinions about the truthfulness of the remaining allegations and on the basis deny the same.

44. Defendants admit that Sergeant Edwards received the position at the airport, but they deny all other allegations.

45. Defendant Ross admits that he spoke with Plaintiff regarding the selection of Sgt. Edwards for the airport position. Defendant Ross admits that he recused himself from the hiring committee based on false allegations that he and Plaintiff were having an affair. Defendants deny that Sgt. Edwards was selected because of the false allegation. Defendants admit that no investigation into the false allegation was conducted, they but deny any implication that an investigation was required.

46. Defendants admit that Plaintiff tested for police lieutenant on six occasions, but they deny all other allegations.

47. Defendants admit that Plaintiff was receiving equal pay for a period of time in 2022, and that Sgt. Patterson had been a sergeant since April 2021 and Plaintiff since January 2017, but Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

48. The alleged investigation report – Exhibit B – is not attached to the Amended Complaint; therefore, Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

49. Deny.

## FIRST CAUSE OF ACTION

(Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991)

50. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

51. Admit.

52. Defendants do not understand what "benefits" are being referenced, and, therefore, deny that allegation. Defendants admit the remaining allegations.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

## SECOND CAUSE OF ACTION

(Retaliation in Violation of Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3); Title VII of the Civil Rights Act of 1964, Title VI, the Civil Rights Act of 1991)

59. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

60. Deny.

61. Defendants admit that Plaintiff was accused of sexual battery against a civilian female Provo City Police Department employee, but Defendants deny that Plaintiff was "falsely" accused.

62. Admit.

63. Admit.

64. Deny.

65. Defendants deny paragraph 65 and all its subparts.

66. Deny.

67. Deny.

## THIRD CAUSE OF ACTION

(Pay Discrimination in Violation of Equal Pay Act of 1963)

68. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

69. Admit.

70. Defendants admit that Plaintiff had prior experience before joining the Provo Police Department and admit that she was hired above entry level as a Police Officer II rank, but they deny all other allegations.

71. Admit.

72. Admit.

73. Defendants admit that Plaintiff was being paid equally as Sergeant Patterson in May 2022, but Defendants deny any implication that it was based on gender.

74. Deny.

## FOURTH CAUSE OF ACTION

(Wrongful Termination Under Utah State Law)

75. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

76. Defendants admit that the Provo City Police Department adopted Policy #1010 but assert it was adopted prior to October 2021.

77. Defendants admit that the Provo City Police Department required each officer to review Policy #1010 and endorse through Lexipol that they acknowledge the policy, but they assert this policy had been adopted and acknowledged prior to November 2021.

78. Defendants admit that Policy #1010, among other relevant policies, addresses investigations and prosecution of complaints within the Department, but they deny that Policy #1010 is the only policy relevant to such matters, or in some areas even the controlling policy. All other allegations are legal conclusions that do not require a response. To the extent a response is required for the legal conclusions, Defendants deny the allegations.

79. Defendants admit that Plaintiff was investigated for allegations of sexual battery and sexual harassment in the Summer of 2022, but they deny all other allegations and legal conclusions.

80. Deny.

81. Deny.

## FIFTH CAUSE OF ACTION

(Breach of Contract Employee Manual)

82. Defendants admit that the City has an Administrative Code of Ethics and Conduct, which employees are required to read and sign, and which document speaks for itself. Plaintiff's allegation contains legal conclusions that do not require responses, but to the extent a response is required, Defendants deny that the document requires a "mandatory duty to immediately report."

83. Admit.

84. Defendants admit that Ms. Ramires and other officers and employees signed the Administrative Code of Ethics and Conduct, but Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same. Furthermore, Plaintiff's allegation contains legal conclusions that do not require

a response. To the extent a response is required, Defendants deny the implication that there is an "obligation to report the allegations when they first occurred."

85. Plaintiff's allegation is a legal conclusion that does not require a response. To the extent a response is required, Defendants deny that the allegations against Plaintiff were not timely reported.

86. Defendants admit that Provo City trains personnel and employees in its policies, but they deny all other allegations and legal conclusions.

87. Deny.

88. Deny.

## PRAYER FOR RELIEF

Answering the "Prayer for Relief," Defendants deny Plaintiff is entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL AFFIRMATIVE DEFENSES

## THIRD DEFENSE

Defendants deny every allegation contained in Plaintiff's First Amended Complaint not specifically admitted.

## FOURTH DEFENSE

Plaintiff's claims are barred due to her failure to comply with all administrative and prerequisites, including her failure to receive notices of right to sue from the UALD.

## FIFTH DEFENSE

Plaintiff has failed to mitigate damages, if any, and any potential recovery should be barred or reduced.

### SIXTH DEFENSE

Plaintiff's claims and/or damages are barred and/or limited, in whole or in part, by her unclean hands, including, violations of Provo City and Provo Police Department policies.

### SEVENTH DEFENSE

Plaintiff cannot present a prima facie case of sex discrimination in violation of Title VII.

### EIGHTH DEFENSE

Assuming Plaintiff could present a prima facie case of sex discrimination in violation of Title VII, she cannot show pretext.

### NINTH DEFENSE

Plaintiff cannot present a prima facie case of harassment based on sex in violation of Title VII.

### TENTH DEFENSE

Assuming Plaintiff could state a claim of harassment based on sex in violation of Title VII, Defendants took prompt, appropriate, and remedial action.

### ELEVENTH DEFENSE

Plaintiff cannot present a prima facie case of retaliation in violation of Title VII.

### TWELTH DEFENSE

Assuming Plaintiff could present a prima facie case of retaliation in violation of Title VII, she cannot show pretext.

### THIRTEENTH DEFENSE

Plaintiff cannot present a prima facie case of pay discrimination in violation of the Equal Pay Act.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred and/or limited because Defendants did not violate any of Plaintiff's clearly established constitutional, statutory, or common law rights, privileges, or immunities.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred and/or limited because she cannot establish an affirmative link or nexus between any act or omission attributed to Defendants and an alleged violation of her constitutional, statutory, or common law rights, privileges, or immunities.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because any action taken by Defendants regarding Plaintiff was based solely on legitimate, non-discriminatory, business reasons.

## SEVENTEENTH DEFENSE

Plaintiff's claims and/or damages are barred and/or limited, in whole or in part, by waiver, laches, estoppel, prior breach, failure to mitigate, and after-acquired evidence.

## EIGHTEENTH DEFENSE

Plaintiff cannot demonstrate that she has sustained any damages recoverable under any legal or equitable doctrine.

## NINETEENTH DEFENSE

Assuming Plaintiff could present evidence of recoverable damages, any award to Plaintiff must be offset by the greater or her actual earnings or the amount she could have earned through reasonable diligence, whichever is greater.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred and/or limited because all acts or omissions attributed to Ross were objectively reasonable and did not violate clearly established law, thus entitling Ross to qualified immunity.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred and/or limited because no act or omission attributed to Defendants constitutes behavior that shocks the conscience or evinces deliberate indifference.

**TWENTY-SECOND DEFENSE**

Plaintiff's Fifth Cause of Action – Breach of Contract Employee Manual – is barred because the Administrative Code of Ethics and Conduct is not enforceable by Plaintiff.

**TWENTY-THIRD DEFENSE**

Plaintiff's Fifth Cause of Action – Breach of Contract Employee Manual – is barred because she does not have privity of contract of any alleged agreements between the City and other employees.

**TWENTY-FOURTH DEFENSE**

All claims and allegations that predate or postdate Defendant Ross's employment as Chief of Police for Provo City are barred against him.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are barred and/or limited because the City and Chief Ross exercised reasonable care to avoid harassment and to eliminate it when it might occur.

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred and/or limited because Plaintiff failed to act with reasonable care to take advantage of the City's safeguards to prevent harm that could have been avoided.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred and/or limited because any differential or equivalence of pay, if any, were based on factors other than sex.

**TWENTY-EIGHTH DEFENSE**

Plaintiff's claims are barred and/or limited as the City and Chief Ross have made every good faith effort to comply with Title VII.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred by the relevant statutes of limitations.

**THIRTIETH DEFENSE**

Defendants reserve the right to raise additional defenses that may be discovered during the course of this action.

Based on the above, Defendants Provo City and Chief Fred Ross deny that Plaintiff is entitled to any of the relief sought in her First Amended Complaint and dispute the existence and amount of her claimed damages. In addition, Defendants pray the Court will dismiss all Plaintiff's causes of action with prejudice, award Defendants its fees and costs incurred in defending this action, and grant them such other relief as the Court deems just under the circumstances.

DATED this 30th day of January 2024

PROVO CITY

  /s/ Richard A. Roberts
Gary D. Millward
Richard A. Roberts
Attorneys for Provo City and R. Fred Ross

## CERTIFICATE OF SERVICE

I certify that on the 30th day of January 2024, I caused a true and accurate copy of the foregoing Answer to be filed using the Court's CM/ECF filing system which provides service to all counsel of record.

/s/Richard A. Roberts