**IN THE UNITED STATE DISTRICT COURT**

**STATE OF UTAH**

| | |
|---|---|
| NISHA KOY ELKINGTON KING,<br><br>               **Plaintiff,**<br><br>     **vs.**<br><br>PROVO CITY, a municipal corporation,<br>R. FRED ROSS, an individual,<br><br>            **Defendants.** | **ORDER DENYING PLAINTIFF'S SHORT FORM MOTION TO COMPEL & MOTION FOR EXTENSION OF TIME**<br><br>**Case No.  2:23-cv-00219**<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

**MOTIONS**

The above entitled case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Dale A. Kimball.[1] Currently pending is Plaintiff Nisha Koy Elkington King's Short Form Discovery Motion seeking to compel Defendants City of Provo and R. Fred Ross to remove improper redactions from their discovery responses.[2] In response, Defendants argue Plaintiff's Motion to Compel should be denied because it is untimely and violates local rule DUCivR 37-1's mandatory deadlines.

---

[1] ECF No. 21, Notice of Non-Consent.

[2] ECF No. 50, Plaintiff's Short Form Discovery Motion and Request for Expedited Treatment; ECF No. 50-1, Provo City Responses to Plaintiff's Requests for Production of Documents. Pursuant to DUCivR 37-1(a)(4), Plaintiff certifies that the parties have met and conferred and engaged in reasonable efforts to resolve this matter. *See id.* at 1.

1

Relatedly, Plaintiff also moves for an extension of discovery deadlines so she may review the unredacted material to be produced after the court grants her pending Motion to Compel.[3]

## LEGAL STANDARD

Under DUCivR 37-1(a)(1), parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance. "At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying why those responses or objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times."[4]

"If the discovery disputes remain after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion . . . ."[5] "The motion must . . . be filed no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[6] "Failure to meet these deadlines may result in automatic denial of the motion."[7]

---

[3] ECF No. 51, Plaintiff's Motion to Extend Discovery Deadlines Pending Ruling on Motin to Compel.

[4] DUCivR 37-1(a)(2)(A)-(B).

[5] DUCivR 37-1(b)(1).

[6] DUCivR 37-1(b)(2)(C).

[7] *Id.*

**DISCUSSION**

Plaintiff's short form discovery motion to compel does not comply with the requirements of local rule DUCivR 37-1 for two reasons.[8] First, Plaintiff's written communication to Defendants regarding the alleged inadequacy of their discovery responses was not "prompt." Second, Plaintiff's short form discovery motion was not filed within 45 days after her "prompt" written communication to Defendants.

Plaintiff submitted her discovery requests to Defendants on September 3, 2024.[9] Defendants served initial discovery responses and a privilege log on November 14, 2024.[10] Defendants served supplemental discovery responses on November 21, 2024.[11] Plaintiff, however, did not serve a written communication of her dispute until March 31, 2025, approximately 130 days after the Defendants' responses.[12] This delay was not "prompt."[13] Whether a response is prompt depends on the facts and circumstances of each individual case.[14] Here, the court finds the delay was not prompt because Plaintiff knew of her concerns surrounding the redactions, and allegedly improper use of GRAMA privilege protections, at the

---

[8] ECF No. 50.

[9] *Id.* at 2.

[10] ECF No. 52 at 2.

[11] *Id.*

[12] *Id.*

[13] *See Ellis v. Salt Lake City Corporation,* 2022 U.S. Dist. LEXIS 176772, at \*5-6 (D. Utah, Sept. 27, 2022) (communication that raised discovery concerns 140 days after receiving privilege log was not "prompt").

[14] *Id.* at \*5 (citations omitted).

time she received the discovery responses, and the supplemental discovery responses, in November 2024. In other words, "the objections that [Plaintiff] could have raise as to the alleged insufficiency [of the discovery responses] were the same on day 1 as they were on day 1[30]."[15] Additionally, Plaintiff's objection to Defendants withholding the production of documents under GRAMA was not complicated and her challenge applied equally to each of her objections regarding Defendants' failure to fully disclose information about "the City's hiring practices, policies, and comparative disciplinary data."16 all of her objections.

Second, even setting aside Plaintiff's failure to comply with the "prompt written communication" requirement of DUCivR 37-1(a)(2), Plaintiff's short form discovery motion was untimely filed.[17] DUCivR 37-1(b)(2)(C) states that the Motion must be filed "no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[18] Plaintiff served her written communication March 25, 2025, but then filed her pending Motion on April 23, 2026---284 days after the deadline.[19]

---

[15] *Id.* at 6.

[16] ECF No. 50 at 2; *see also* ECF No. 50-1.

[17] DUCivR 37-1(b)(2)(B).

[18] *Id.*

[19] *Id.* (denying party's motion as untimely where it was filed 49 days after the prompt written communication). Plaintiff initially filed her Motion to Compel on April 1, 2026, but failed to comply with the court's short-form discovery rule, including the meet and confer requirements. As a result, she re-filed her Motion on April 23, 2026. *See* ECF No. 47, Plaintiff's Motion to Compel Discovery Responses; ECF No. 49, Docket Text Order; ECF No. 50, Plaintiff's Motion to Expedite Motion to Compel.

Thus, upon review, Plaintiff did not promptly raise her objections to Defendant's discovery responses, and, in any event, her motion is untimely under DUCivR 37-1. Therefore, the court DENIES Plaintiff's short form Motion to Compel. Additionally, the sole reason offered by Plaintiff for an extension of time to complete discovery is so she may be given "a meaningful opportunity to review any compelled production, conduct follow-up written discovery, and complete any deposition or other case-development made necessary by the Court's ruling."[20] Given that the court has denied Plaintiff's Motion to Compel, there is no additional compelled production to review and as a result Plaintiff's Motion for Extension of Time is also DENIED.[21]

## ORDER

For the reasons stated, Plaintiff's Motion to Compel and Motion for Extension of Time to Complete Discovery are DENIED.[22]

DATED this 5th day of May, 2026.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[20] ECF No. 51 at 2.

[21] ECF No. 51.

[22] ECF No. 50; ECF No. 51.