**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **NISHA KOY ELKINGTON KING**, <br><br> Plaintiff, <br><br> vs. <br><br> **PROVO CITY.**, <br><br> Defendant. | **ORDER RE: OBJECTION TO MAGISTRATE JUDGE DECISION** <br><br> Case No. 2:23-cv-219-DAK-DBP <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Dustin B. Pead |

This matter is before the Court on Plaintiff's Rule 72 Objection to Order Denying Plaintiff's Short Form Motion to Compel and Motion for Extension of time, and Incorporated Rule 6(b)(1)(B) Request for Extension ("Objection") [ECF No. 54].

District courts are highly deferential to Magistrate Judges' rulings, and "review a Magistrate Judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard." *Combe v. Cinemark USA, Inc*, No. 1:08-CV-142 TS, 2009 WL 3584883, at *1 (D. Utah Oct. 26, 2009). "The clearly erroneous standard applies to factual findings and requires an affirmation of the Magistrate Judge's decision unless 'on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). "The contrary to law standard however, permits the district court to conduct a plenary review of the magistrate[']s purely legal determinations and may set aside an order if the wrong legal standard was applied." *Id.*

After reviewing the Magistrate Judge's May 5, 2026 Order denying Plaintiff's Short Form Motion to Compel and Motion for Extension of Time, the Court is neither left with "the

definite and firm conviction that a mistake has been committed" nor finds that the Order was contrary to law. Magistrate Judge Pead addressed and applied the appropriate legal standards. The parties agree that even if this court may have ruled differently, a magistrate judge's ruling should not be rejected merely because the district court would have decided the matter differently. Plaintiff argues that once Magistrate Pead denied relief because the short-form discovery motion was untimely, the governing rule became Rule 6(b)(1)(B), which authorizes relief from an expired deadline on a showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff contends that Magistrate Judge Pead did not apply the correct standard under Rule 6. But Magistrate Judge Pead stated that the sole reason Plaintiff asked for an extension was to have an opportunity to review the compelled production and conduct follow up discovery. This is a correct characterization of Plaintiff's motion for an extension of time. Plaintiff's motion for extension of time was not seeking to extend the time for her to file the short form discovery motion. Magistrate Judge Pead correctly determined that the motion was essentially unnecessary because he did not grant Plaintiff's motion to compel.

Essentially, Plaintiff's objection is arguing that magistrate Judge Pead should have *sua sponte* conducted a Rule 6 analysis in connection with his denial of her Motion to Compel. Having failed to do so, Plaintiff claims that Magistrate Judge Pead applied the wrong legal standard. The court disagrees that he needed to conduct an analysis on matters not raised. The request for an extension of time was made only in the event that the Motion to Compel was granted. Plaintiff cannot recharacterize her arguments as part of her objection to the District Judge. The court concludes that Magistrate Judge Pead applied the correct legal standards and

demonstrated that he was well versed in the facts of the case. Accordingly, Plaintiff's Objection

[ECF No. 54] is overruled.

DATED this 22nd day of July 2026

BY THE COURT:

Judge Dale A. Kimball,
United States District Judge